SAMUEL SENDEJAR V. THE STATE.

No. 20528. Delivered June 21, 1939.

The opinion states the case.

*Lee Minner,* of San Diego, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for murder. The punishment assessed is confinement in the state penitentiary for a term of two years.

The State's testimony shows that on the night of July 18, 1937, appellant, without any apparent cause, shot and killed

Pedro Rodriguez at a dance hall in Duval County. Deceased was dancing at the time with Lora Mae Edwards.

Appellant testified in his own behalf. He admitted that he shot the deceased four times, but sought to justify his act in so doing on the ground of self-defense. He testified to a prior difficulty with the deceased in which the deceased had whipped him with his fists and at the same time threatened to kill him the next time he saw him. He further testified that the night in question was the first time he had seen the deceased since the occasion of the prior difficulty. That when he entered the dance hall, the deceased came toward him, putting his hand in his pocket. That this act on the part of the deceased recalled to his mind the previous threat which had been made against him. That when he saw this action, he believed the deceased was about to carry this threat into execution, and so believing drew his pistol and fired four shots into the deceased's body. He also testified that he at no time saw the deceased with any weapon, and none was found on his body.

Appellant's first complaint is that the court erred in declining to grant his request for an instruction to the jury to return a verdict of not guilty. It is obvious from the foregoing brief statement of the evidence that he was not entitled to the same.

By bill of exception number one, appellant complains of the trial court's action in declining to withdraw from the jury's consideration certain testimony of the witness, Lora Mae Edwards, an eyewitness to the killing. It appears from the bill that upon direct examination, this witness failed to positively identify appellant as the slayer. She was later recalled by the State and then testified positively that appellant was the man who shot the deceased. Appellant requested that this latter testimony be withdrawn from the jury on the ground that the same was perjured and false in every respect.

Clearly such an objection went more to the weight than to the admissibility thereof. Furthermore, we are at a loss to understand how appellant could legally have objected to this testimony because he admitted killing the deceased.

The other bill relates to the court's action in overruling appellant's motion for a new trial and is without merit.

No reversible error appearing, the judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.